Peter Strojnik, Esq. – Arizona Bar No. 006464
**STROJNIK, P.C.**
2415 East Camelback, Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: strojnik@aol.com
*Attorney for Creditor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In The Matter of: | NO. 2:12-bk-23173-JMM |
|  | Chapter 13 |
| Randy Evans, | **MOTION TO LIFT STAY** |
| Debtor, |  |
| Donna Boyes, |  |
| Movant, |  |
| vs. |  |
| Randy Evans, |  |
| Debtor. |  |

Creditor Donna Boyes ("Ms. Boyes"), the former spouse of Debtor Randy Evans, moves for relief from automatic stay imposed on the currently pending domestic relations dispute *In The Matter of Boyes v. Evans*, Coconino County Superior Court case styled *Boyes v. Evans,* No. DO 2004-0159 pursuant to 11 U.S.C. § 362(d) (1).

This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. INTRODUCTION**

This is the second time that Debtor Mr. Evans avoids a hearing in the Family Court by filing a bankruptcy petition. The first time occurred on March 24, 2009 when, just prior to the hearing, Debtor Mr. Evans filed bankruptcy under cause number 2:09-bk-05222-RTBP.

In the previous bankruptcy proceeding, Ms. Boyes commenced an adversary proceeding under cause number no. 2:09-ap-00394-RTB. There, the Honorable Bankruptcy Court Judge Baum entered judgment against Debtor Mr. Evans in the amount of $73,762.28. (Exhibit 1) Debtor paid nothing on this Judgment. Once the Debtor Mr. Evans realized that he could not get out of paying spousal support, he abandoned the previous bankruptcy and refused to "comply with the Court requirements". (Exhibit 2)

On July 31, 2012, Ms. Boyes filed a Verified Petition to Enforce Spousal Maintenance and Other Court Orders and Motion for Order to Show Cause re: Contempt of Court in the Coconino County Superior Court. (Exhibit 3) On August 3, 2012, the Coconino County Superior Court directed Debtor Mr. Evans to appear on November 1,

2012, and show cause why he should not be found in contempt for his continuing, contemptuous and contumacious refusals to abide the Orders of the Court. (Exhibit 4)

In order to avoid a finding of civil and/or criminal contempt and a potential arrest warrant, Debtor filed the current bankruptcy petition on October 23, 2010[1].

**B. BACKGROUND**

1. On July 18, 2005, Ms. Boyes and Debtor entered into a Marital Settlement Agreement. (Exhibit 5)

2. The Marital Settlement Agreement provided in ¶ 43:

> Equalization Payment: Husband shall pay to Wife $355,000.00 to be paid as follows:
> - $25,000 within five [sic] of this date;
> - $15,000 no later [sic] 90 days of this date;
> - Equal payments of $3750.00 per month commencing April 1, 2005 and payable the first of each thereafter [sic] for a period of 84 months for a total of $315,000.00.
>
> The distribution of the assets of the parties includes consideration for spousal and child support as an integral and inseparable portion of this division of the marital assets and therefore it is agreed that neither party may discharge his or her obligation to the other through bankruptcy.

3. Effective December of 2007 and through June of 2008, Debtor failed to make payments required under ¶ 43 of the MSA. He made payments July 2008 through

---

[1] It should be noted that Ms. Boyes is a Canadian citizen and that every time she is required to appear in the Coconino County Superior Court she incurs hundreds of dollars of travel and lodging costs. Debtor did not have the common courtesy of advising Ms. Boyes or counsel of his intent to file the bankruptcy so that Ms. Boyes would not have to spend the time and the money that she does not have.

December 2008, inclusive, and ceased making payments altogether in January of 2009. (Exhibit 6)

4. Debtor's failure to make payments was brought to the attention of the Coconino County Superior Court. A hearing on the matter was scheduled for March 24, 2009.

5. On March 20, 2009, Debtor filed for the protection of Title 11 of the United States Code in the United States Bankruptcy Court sitting in Phoenix, Arizona. *In Re Evans,* 2:09-bk-05222-RTBP. (Judicial Notice[2]).

6. Pursuant to the automatic stay provision of 11 U.S.C. 362, the hearing on Debtor's failure to make payments was vacated. (Exhibit 7)

7. On April 16, 2009, Ms. Boyes, through counsel, filed an adversary proceeding styled *Boyes v. Evans,* 2:09-ap-00394-RTB. The Adversary Proceeding sought a determination of dischargeability of all or part of the ¶ 43 of the MSA. (Judicial Notice.)

8. On December 27, 2010, the Bankruptcy Court issued a Minute Entry order resolving the issue:

> Based upon this record, the court finds that half of that agreed monthly payment ($1,875.00) was intended to be in the nature of support for Boyes. Counsel for Boyes shall serve and lodge an appropriate order. (Judicial Notice)

---

[2] Ms. Boyes requests that the Court take judicial notice of the previously filed bankruptcy and the adversary proceeding initiated therein.

9. On August 7, 2011, the Bankruptcy Court issued a formal judgment. The Court entered judgment for spousal maintenance in favor of Ms. Boyes and against Debtor in the sum of $53,311.17 as of December 31, 2010 plus costs and attorney's fees in the amount of $20,451.11. (Exhibit 1)

10. On April 3, 2012, the Chapter 13 proceeding was dismissed for Debtor's failure to "comply with the Court requirements". (Exhibit 2)

11. Debtor has not made any payments toward spousal maintenance or property equalization during the months of December, 2007 through June, 2008, inclusive, and no payments since December, 2008. (Exhibit 6)

12. As of November 1, 2012, Debtor is in arrears to Ms. Boyes for spousal maintenance and associated attorney's fees, costs and interest in the amount of $95, 277.21. This amount is subject to interest at the rate of 10% per annum. (Exhibit 6)

13. On August 1, 2012, Ms. Boyes filed a Verified Petition to Enforce Spousal Maintenance and Other Court Orders and Motion for Order to Show Cause re: Contempt of Court in the Coconino County Superior Court. (Exhibit 3)

14. On August 3, 2012, this Court issued the <u>Order to Appeal Post Judgment/Decree Re: Verified Petition to Enforce Spousal Maintenance and Other Court Order and Motion for Order to Show Cause Re: Contempt of Court ("Order").</u> (Exhibit 4) The Order provided, in part:

> **IT IS FURTHER ORDERED** that Debtor shall provide full and complete answers to (1) Uniform Family Law Interrogatories as reflected in Ms.

Boyes' Notice of Service of Uniform Family Law Interrogatories as appended hereto as Exhibit 1 and (2) documents and things requested in Ms. Boyes' Request for Production of Documents, as appended hereto as Exhibit 2 and (3) Affidavit of Financial Information as appended hereto as Exhibit 3, all of which shall be served upon you along with this Order.

**IT IS FURTHER ORDERED** that Debtor shall provide compete Answers to Exhibits 1-3 to counsel for the Ms. Boyes at least 10 business days prior to the hearing.

15. Debtor was served with the copy of the Order on August 27, 2012. (Exhibit 8)

16. Responded was twice reminded by correspondence from counsel for Ms. Boyes that the time for compliance with the Order was October 18, 2012. (Exhibits 9 and 10)

17. Debtor has willfully and without lawful excuse failed to comply with orders of the Coconino County Superior Court and with the terms of the Bankruptcy Court Judgment.

18. On October 23, 2012, Debtor filed the current bankruptcy proceeding.

19. Currently, Debtor has failed to comply with the Orders of the Coconino County Superior Court including all of the following:

   a. Order for Mr. Evans to provide an affidavit of his financial condition to Ms. Boyes on an annual basis o or before June 1 of each year. (Exhibit 11)

   b. Order for Mr. Evans to provide copies of his personal and partnership income tax returns on June 1 of each year for the previous year. (Id.)

   c. Order Mr. Evans to provide full and complete answers to Uniform Family Law Interrogatories no later than October 18, 2012; (Exhibit 4)

d. Order Mr. Evans to provide the documents and things requested in Ms. Boyes' Request for Production of Documents no later than October 18, 2012; (Id.)

e. Order Mr. Evans to provide a current Affidavit of Financial Information no later than October 18, 2012. (Id.)

20. Mr. Evans complied with none of these Orders and he has paid nothing on the Bankruptcy Court Judgment, Exhibit 1.

### C. THE COURT SHOULD LIFT STAY TO PERMIT THE COCONINO COUNTY SUPERIOR COURT TO HEAR AND DECIDE ISSUES PENDING BEFORE IT

#### a. Lifting Stay "For Cause"

The proper course of action for creditors seeking payment of spousal support debt from a Chapter 13 debtor was to file for relief from the stay under § 362(d)(1). *Carver v. Carver*, 954 F.2d 1573, 1577-78 (11th Cir.1992). That section provides that the court shall grant relief from the stay "for cause". 11 U.S.C. § 362(d) (1). The court in *Carver* asserted that "such relief should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court." Id. at 1578. The court concluded that federal bankruptcy court noninterference in state family law matters constitutes sufficient cause for which relief may be granted under § 362(d) (1). Id.

### b. Bad Faith

"'The existence of good faith depends on an amalgam of factors and not upon a specific fact.'" *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir.1994), quoting *State of Idaho v. Arnold (In re Arnold),* 806 F.2d 937, 939 (9th Cir.1986). The test is whether the debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis. *Marsch*, 36 F.3d at 828. Good faith is lacking when the debtor's actions constitute a clear abuse of the bankruptcy process. *Arnold*, 806 F.2d at 939.

Here, the filing of the previous bankruptcy (2:09-bk-05222-RTBP) and the current bankruptcy demonstrated Debtor Mr. Evans' attempts to unreasonably deter and harass Ms. Boyes. The current bankruptcy is no more than a dogged attempt to tire Ms. Boyes and assure that she runs out of money to pay her attorneys before the Debtor Mr. Evans is forced to pay his obligations. It is no more than a continuing effort to avoid the unavoidable – payment of spousal support. Previous bankruptcy was filed in bad faith just like this one is: When Debtor Mr. Evans was unable to convince Judge Baum that the payments under the MSA were non-dischargeable, he simply abandoned the bankruptcy altogether. In fact, on April 3, 2012, the Chapter 13 proceeding was dismissed for Debtor's failure to "comply with the Court requirements". (Exhibit 2) Failure to comply with Court orders is a theme that plays large in Debtor Mr. Evans' relationship with the judicial system.

There is no reason that the Debtor will conduct this proceeding any differently that he conducted the previous proceeding. He lost in the previous bankruptcy proceeding and currently owes $95,277.21 on that judgment. He has repeatedly displayed his contumacious and contemptuous behavior to the entire judicial system, both State and Federal. This entire proceeding is brought for the sole purpose of frustrating Ms. Boyes and preventing her from receiving her spousal support.

### c. Coconino County Superior Court is Uniquely Qualified To Determine Whether Mr. Evans Should be found in civil or criminal contempt for his intentional violations of court orders.

Debtor's derisive, contumacious and contemptuous relationship with the judicial system is legendary. The Coconino County Superior Court is best equipped to impose civil and criminal sanctions on the Debtor for his condescending, disrespectful and willful failures to abide by that Court's Orders.

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons it is respectfully requested that the Court lift the stay and permit the Coconino County Superior Court to hear and adjudicate issues pending before it. Since this matter arises out the previously obtained Bankruptcy Court Judgment which specifically found that attorney's fees are awardable, Movant also requests an award of attorney's fees.

RESPECTFULLY SUBMITTED this 2nd day of November, 2012.

**STROJNIK, P.C.**

**/s/**

_____
Peter Strojnik
Attorney for Creditor

The foregoing e-filed this 2nd day of November, 2012.