Graham (handwritten)

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

Ted S. Reed, Judge
Division 6
Date: July 8, 2011                     Tammy Ramonett, Judicial Assistant

### ORDER

In re the Matter of:

DONNA BOYES,

    Petitioner,

and

RANDY EVANS,

    Respondent.

Case No. DO 2004-0159

**ACTION:** UNDER ADVISEMENT RULING RE. RESPONDENT'S PETITION FOR MODIFICATION OF SPOUSAL MAINTENANCE AND PETITIONER'S CROSS-PETITION FOR MODIFICATION OF SPOUSAL MAINTENANCE.

The Court, having reviewed and considered evidence received through testimony and exhibits presented in this matter at the time of the Evidentiary Hearing held on June 9, 2011, makes the following findings of fact and conclusions of law in accordance with Arizona law and Arizona Rules of Family Law Procedure regarding the requested post-decree modifications of spousal maintenance.

On July 18, 2005, the Parties and their counsel approved "as to form and content" the Decree of Dissolution of Marriage in their case, which was then approved and signed by Judge Charles D. Adams. <u>Decree of Dissolution</u>, at 3. The Decree of Dissolution incorporated, but did not merge, a Marital Settlement Agreement ("MSA"). <u>Decree of Dissolution</u>, at 2, ¶2.

Paragraph 18, on page 7, of the Marital Settlement Agreement states:

    Spousal Maintenance. Subject to the provisions of paragraph 43, neither party shall receive spousal

Page **1** of **14**

Case 2:09-ap-00394-RTBW Doc 80-13 Filed 07/29/11 02/12 Entered 07/29/11 09:50:05 31:10 Desc
Desc Exhibit Exhibit 11 Page 1 of 14 Main Document Page 2 of 4

maintenance. The issue of spousal maintenance is removed from the Court's jurisdiction now and forever.

Paragraph 43, on page 14, of the Marital Settlement Agreement states:

Equalization Payment: Husband shall pay to Wife $355,000.00 to be paid as follows:
- $25,000 within five [sic] of this date;
- $15,000 no later [sic] 90 days of this date;
- Equal payments of $3750.00 per month commencing April 1, 2005 and payable the first of each thereafter [sic] for a period of 84 months for a total of $315,000.00.

The distribution of the assets of the parties includes consideration for spousal and child support as an integral and inseparable portion of this division of the marital assets and therefore it is agreed that neither party may discharge his or her obligation to the other through bankruptcy.

The interpretation of paragraphs 18 and 43 of the Marital Settlement Agreement was the subject of dispute in Mr. Evans' bankruptcy case, Case No: 2:09-bk-06333 RTBP, adversary case No: 2:09-ap-394. On or about December 27, 2010, the Bankruptcy Court entered a ruling resolving the issues. Specifically, the Bankruptcy Court found:

Based upon all of the evidence the court finds that the intent of the parties was that the monthly equalization payments were to be partially for support of Boyes. Such intent can be found in the express terms of the MSA. First, paragraph 43 states that "the distribution of the assets of the parties includes consideration for spousal and child support as an integral and inseparable portion of this division of the marital assets." Second, paragraph 18 qualifies the agreement about no spousal maintenance by stating that such agreement is "subject to the provisions of paragraph 43." Stated more bluntly and precisely, there was no spousal maintenance because of the obligation to pay $315,000.00 over seven years in equal monthly payments; in other words, a portion of the monthly payments were in the nature of spousal maintenance. The purpose of that obligation was, in part, to be in lieu of court ordered support, but it was in the nature of support.
The more difficult question is determining whether all or what portion of that agreed monthly payment is in the

Case 2:09-ap-00394-RTB Doc 80 Filed 07/29/11 Entered 07/29/11 09:50:06 Desc Main Document Page 2 of 14
Case 2:12-bk-23173-BMW Doc 13-11 Filed 07/20/12 Entered 07/20/12 10:31:10 Desc Dennis Exhibit Exhibit 11 Page 2 of 14

> nature of support. There is little or no evidence to guide the court in making this determination. Further, the intention of the parties is essentially concealed by their agreement which expressly states that there will be no spousal support paid and that the divorce court is deprived of jurisdiction over that issue. Nevertheless, it is clear to this court from the parties' agreement that some portion of the agreed monthly payment was intended to be in the nature of support; and some portion was also to be for the business being retained by the [sic] Evans.

The Bankruptcy Court concluded: **"Based upon this record, the court finds that half of that agreed monthly payment ($1,875.00) was intended to be in the nature of support for Boyes."** (Emphasis added).

Mr. Evans petitioned this Court for a reduction or elimination of this spousal support obligation. Ms. Boyes opposed the petition. The Court conducted Oral Argument on February 17, 2011 on the issue of whether the Court had continuing jurisdiction over the issue spousal support, based upon the following language in the Marital Settlement Agreement: "The issue of spousal maintenance is removed from the Court's jurisdiction now and forever." MSA, page 7, ¶ 18. Counsel for Mr. Evans argued that the spousal support obligation was modifiable because nowhere in the MSA was the spousal support explicitly made "non-modifiable." Counsel for Ms. Boyes argued that the spousal support obligation was non-modifiable based upon the agreement of the parties in the MSA that "[t]he issue of spousal maintenance is removed from the Court's jurisdiction now and forever." Applying principles of contract law governing incorporated (but not merged) marital settlement agreements, the Court determined that the relevant MSA language was reasonably susceptible to more than one interpretation, making extrinsic evidence admissible in order to determine the meaning intended by the parties: Whether or not the spousal maintenance provision was intended to be "non-modifiable." *Chopin v. Chopin*, 224 Ariz. 425, 427-28, 232 P.3d 99, 101-02 (App. 2010). When the Court signaled its intent to take extrinsic evidence on this matter at the upcoming Evidentiary Hearing, Counsel for Ms. Boyes advised that he would withdraw his objection to modifiability and stipulate that the

Case 2:09-ap-00394-RTB Doc 80 Filed 07/20/11 Entered 07/20/11 09:50:05 Desc
Main Document Page 3 of 14
Case 2:12-bk-23173-BMW Doc 13-11 Filed 07/20/12 Entered 07/20/12 10:31:10 Desc
Exhibit Exhibit 11 Page 3 of 14

spousal support obligation was modifiable. Counsel for Ms. Boyes indicated that he would file a Cross-Petition for Modification of Spousal Support, which he since filed.

Despite the stipulation of counsel, the Court must still determine whether the spousal maintenance was "non-modifiable," because "entry of a decree that sets forth or incorporates by reference a separation agreement that provides that its maintenance terms shall not be modified *prevents the court from exercising jurisdiction to modify the decree and the separation agreement regarding maintenance . . . .*" A.R.S. § 25-317(G) (emphasis added). The Arizona Supreme Court has emphasized that "spousal maintenance agreements made non-modifiable pursuant to A.R.S. §§ 25-319(C) and 25-317(G) are not subject to modification or termination, nor is relief from such provisions available under Rule 60(c)(5)" of the Arizona Rules of Civil Procedure. *Waldren v. Waldren*, 217 Ariz. 173, 178, 171 P.3d 1214, 1219 (2007).

A.R.S. § 25-327(A) provides:

> **Except as otherwise provided in § 25-317, subsections F and G, the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing** except as to any amount that may have accrued as an arrearage before the date of notice of the motion or order to show cause to modify or terminate. . . . . The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state. Modifications and terminations are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination.

(Emphasis added).

A.R.S. § 25-317(A) provides that in the dissolution of a marriage, the parties may enter into a written separation agreement containing the provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody and parenting time of their children. Subsection (A) further provides that "**[a] separation agreement may provide that its maintenance terms shall not be**

Case 2:09-ap-00394-RJH Doc 80-13 Filed 07/29/11 Entered 07/29/11 09:50:06 Desc Main Document Page 4 of 14
Case 2:12-bk-23173-BMW Doc 13 Filed 07/20/12 Entered 07/20/12 10:31:10 Desc Dempsey Exhibit Exhibit 11 Page 4 of 14

**modified.**" (Emphasis added). A.R.S. § 25-317(D) provides: "If the court finds that the separation agreement is not unfair as to disposition of property or maintenance and that it is reasonable as to support, custody and parenting time of children, the separation agreement shall be set forth or incorporated by reference in the decree of dissolution . . . and the parties shall be ordered to perform them. If the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement as incorporated by reference and state that the court has found the terms as to property disposition and maintenance not unfair and the terms as to support, custody and parenting time reasonable." A.R.S. § 25-317(F) provides: "**Except for terms concerning the maintenance of either party . . . entry of the decree shall thereafter preclude the modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference.**" However, A.R.S. § 25-317(G) provides: "**Notwithstanding subsection F, entry of a decree that sets forth or incorporates by reference a separation agreement that provides that its <u>maintenance terms shall not be modified</u> *prevents the court from exercising jurisdiction to modify the decree and the separation agreement regarding maintenance. . . .*"** (Emphasis added).

Similarly, A.R.S. § 25-319(C) provides that "**[i]f both parties agree, the maintenance order and a decree of dissolution of marriage . . . may state that its <u>maintenance terms shall not be modified</u>.**" (Emphasis added). A.R.S. § 25-319(D) provides: "**Except as provided in subsection C of this section or § 25-317, subsection (G), the court shall maintain continuing jurisdiction over the issue of maintenance for the period of time maintenance is awarded.**"

In *Laprade v. Laprade*, 189 Ariz. 243, 941 P.2d 1268 (1997), the Supreme Court of Arizona explained that

> [t]he law presents a bifurcated approach toward separation agreement provisions: it distinguishes maintenance-type provisions from property settlement provisions. Spousal maintenance, child support, custody and visitation provisions are squarely within the continuing jurisdiction of the trial court. [Quotation of A.R.S. § 25-317(F) omitted].

Case 2:09-ap-00394-RFB Doc 80-13 Filed 07/29/11 Entered 07/29/11 09:50:05 Desc
Main Document Exhibit 11 Page 5 of 14

> The trial court has the power to modify the maintenance provisions in keeping with the changing circumstances in the spouse's life. [Quotation of older version of A.R.S. § 25-327(A), which also allowed continuing jurisdiction for modification of spousal maintenance post-decree, "except as otherwise provided in § 25-317(F) and (G)," omitted].
>
> In contrast, the trial court does not have jurisdiction to modify property settlement provisions unless circumstances exist which justify reopening the judgment. [Citations omitted].

*Id.*, 189 Ariz. at 246, 941 P.2d at 1271.

In *Waldren*, 217 Ariz. at 175, 171 P.3d at 1216, the Arizona Supreme Court further explained that A.R.S. § 25-327(A) provides the general rule that "the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing," while A.R.S. § 25-319(C) and A.R.S. 25-317(G) allow the parties to specifically agree to prospectively deprive courts of the ability to modify spousal maintenance provisions of a decree, even if substantial changes in circumstances occur. In *Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989), the Arizona Supreme Court clarified an earlier split of authority: "to be considered a non-modifiable lump sum payment, spousal maintenance must be delineated as non-modifiable in the decree; otherwise, the decree will be subject to the provisions of A.R.S. §§ 327 and 25-319."

THE COURT FINDS that the Decree and Marital Settlement Agreement in this case did not include any language specifically delineating the spousal maintenance as "non-modifiable," nor is there any language to the effect that spousal "maintenance terms shall not be modified." To the extent that the Marital Settlement Agreement included language attempting to remove the "issue of spousal maintenance . . . from the Court's jurisdiction now and forever," the language is insufficiently precise to overcome the statutory presumption that spousal maintenance may be modified upon a proper showing. Therefore, THE COURT FURTHER FINDS that **the spousal maintenance set forth in the Marital Settlement Agreement "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing** except as to any amount that may have accrued as an arrearage before the date of

notice of the motion or order to show cause to modify or terminate." A.R.S. § 25-327(A). In making this determination, the Court is directed to re-evaluate the economic circumstances that justified the original award, as set forth in A.R.S. § 25-319." *Smith v. Magnum*, 155 Ariz. 448, 451, 747 P.2d 609, 612 (App. 1987).

### A.R.S. § 25-319(A)

In order to determine whether there are "changed circumstances that are substantial and continuing," the Court begins by re-evaluating whether Ms. Boyes remains eligible to receive spousal maintenance from Mr. Evans under at least one of the grounds of A.R.S. § 319(A):

1. **Lacks sufficient property including property apportioned to the spouse, to provide for that spouse's reasonable needs.** The Court finds that Ms. Boyes currently lacks sufficient property, including property allocated to her in the Decree, to provide for her reasonable needs. Ms. Boyes has no savings or income-producing assets. Ms. Boyes does own a parcel of unimproved real estate that she was allocated in the Decree, but has incurred debt secured by this property in the amount of $100,000. The current market value of this property is unknown. The property was unsuccessfully marketed previously at the price of $475,000. Ex. 27. The 2009 tax assessment value was $292,600. Id.

2. **Is unable to be self-sufficient through appropriate employment *or* is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home *or* lacks earning ability in the labor market adequate to be self-sufficient.** The Court finds that Ms. Boyes is currently unable to be self-sufficient through appropriate employment. Ms. Boyes is 53 years old. Ms. Boyes has a high school education. Ms. Boyes was married to Mr. Evans from 1984 to 2005. Ms. Boyes was working as a flight attendant when the parties were first married, but she stopped working in 1985 to care for the parties' children. During the remainder of their marriage, Ms. Boyes did not work substantially outside the home. Mr. Evans provided the household income. Since the divorce, Ms. Boyes has been

Case 2:09-ap-00394-RTBW Doc 80-13 Filed 07/20/11 Entered 07/20/11 09:50:05 Desc Main Document Page 7 of 14
Case 2:12-bk-23173-RTBW Doc 80-13 Filed 07/20/11 Entered 07/20/11 09:50:05 Desc Debtor Exhibit Exhibit 11 Page 7 of 14

able to secure employment at the rates of $10 - $12 per hour, part-time or full-time on a temporary basis. Ms. Boyes testified that since January of 2011, she has been unemployed but actively seeking work. Ms. Boyes testified that she has survived since 2008 (when she stopped receiving spousal support payments from Mr. Evans) by residing with her mother (without paying rent) and by incurring debt.

3. **Contributed to the educational opportunities of the other spouse.** The Court does not find that Ms. Boyes contributed to the educational opportunities of Mr. Evans. However, the evidence was clear that Ms. Boyes contributed to the development of Mr. Evans' business and through that experience, his earning ability in the marketplace. At the time of their divorce, Mr. Evans business was highly profitable, as will be discussed further below.

4. **Had a marriage of long duration *and* is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.** The Court finds that the parties were married on October 6, 1984 and divorced on July 18, 2005. Thus, their marriage lasted nearly twenty-one years. The Arizona Supreme Court has noted (without holding) that a marriage between ten (10) and twenty (20) years may be considered a marriage of medium duration and a marriage over twenty years may be considered a marriage of long duration. See *Schroeder v. Schroeder*, 161 Ariz. 316, 321 n. 5, 778 P.2d 1212, 1217 n.5 (1989). The Court therefore finds that the marriage was of "long duration." Ms. Boyes is currently 53 years old. The Court does not believe such age inherently precludes the possibility of gaining employment adequate to be self-sufficient.

### A.R.S. § 25-319(B)

The Court, having found that Petitioner remains entitled to an award of maintenance under subsection (A), now considers all applicable factors set forth under subsection (B), "with respect to which the parties presented evidence." *Elliot v. Elliot*, 165 Ariz. 128, 136, 796 P.2d 930, 938 (App. 1990). The Court is not required to apply every factor listed in section A.R.S. § 25-319(B). *Rainwater v. Rainwater*, 177 Ariz. 500, 502, 869 P.2d 176, 178 (1994). "The provisions of a decree regarding spousal

Case 2:12-bk-23173-RJH Doc 80-13 Filed 07/29/14/02 Entered 07/29/14/02 10:50:05 31 Desc
Case 2:09-ap-00394-RPB-W Doc 80-13 Filed 07/29/14/02 Entered 07/29/14/09:50:05 31 Desc
Demand Exhibit Exhibit 11 Page 8 of 14
Main Document Page 8 of 14

maintenance 'may be modified or terminated only on a showing of changed circumstances that are substantial and continuing.'" *MacMillan v. Schwartz*, 226 Ariz. 584, ¶12, 250 P.3d 1213, 1217 (App. 2011), *citing* A.R.S. §25-327(A). "'The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution.'" *Id.*, *quoting Richards v. Richards*, 137 Ariz. 225, 226, 669 P.2d 1002, 1003 (App. 1983). The Court must consider the current situation of both parties when making an award for temporary or permanent spousal support. In entering an award for the payment of spousal maintenance, the Court must consider how the award of maintenance will provide financial support for the spouse that qualifies for maintenance, how the paying spouse will still be able to meet their basic needs and, also, how the award of maintenance encourages the desire of the receiving spouse to seek financial independence. *Rainwater*, 177 Ariz. at 503, 869 P.2d at 179.

1. **The standard of living during marriage.** The Court finds that, during the marriage, the parties sustained a very comfortable standard of living. During the marriage, Mr. Evans built a successful medical products business while Ms. Boyes cared for their two children. In 2005, Mr. Evans was paid $189,880 from the business. While this was the highest income the business ever paid him, his income had consistently increased over the years of the parties' marriage. The Court finds no change in circumstance regarding this factor.

2. **The duration of the marriage.** The Court finds that the parties were married on October 6, 1984 and divorced on July 18, 2005. Thus, their marriage lasted nearly twenty-one years. The Court finds no change in circumstance regarding this factor.

5. **The age, employment history, earning ability and physical and emotional condition of the spouse seeking maintenance.** The Court finds Ms. Boyes is 53 years old. Ms. Boyes has a high school education. Ms. Boyes was working as a flight attendant when the parties were first married, but she stopped working in 1985 to care for the parties' children. During the remainder of their marriage, Ms. Boyes did not work substantially outside the home. Mr. Evans provided the household income. Since the divorce, Ms. Boyes has been able to secure

employment at the rates of $10 - $12 per hour, part-time or full-time on a temporary basis. Ms. Boyes testified that since January of 2011, she has been unemployed but actively seeking work. In 2009 – the last year for which tax returns are available – Ms. Boyes earned at total of $8,787 from her employment. Ex. 7. Ms. Boyes testified that she has physical limitations in the form of back problems, which prevent her from lifting heavy objects. The Court received no evidence regarding Ms. Boyes' emotional condition. The Court finds no substantial and continuing change in circumstance regarding this factor.

3. **The ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance.** The Court finds that Mr. Evans' business has suffered dramatically since its height of success in 2005. In 2005, the business generated $189,880 in income for Mr. Evans, according to his 2005 Individual Income Tax Return. Ex. 22. In 2005, Mr. Evans net worth was estimated by him at $783,204.48, after settlement of the divorce. Ex. 28. In 2006, Mr. Evans' income from the business (his sole source of income) was negative $21,325, according to his 2006 Individual Income Tax Return. Ex. 23. In 2007, Mr. Evans' income was negative $109,113, according to his 2007 Individual Income Tax Return. Ex. 24. In 2008, Mr. Evans' income was negative $103,862, according to his 2008 Individual Income Tax Return. Ex. 32. In 2009, Mr. Evans' income was negative $193,786, according to his 2009 Individual Income Tax Return. Ex. 33. Mr. Evans testified that he calculates his 2010 income to have been negative $91,959, though his 2010 taxes have not yet been filed. Mr. Evans testified that he has been paid only $5,000 total for 2011, from January, 2011, through May, 2011, which has been insufficient to meet his minimum monthly obligations. Mr. Evans was forced to file for personal bankruptcy and his business currently needs to file for bankruptcy, but it cannot afford the cost of retaining an attorney for those services. Ex. 40. Mr. Evans sold his house to his current wife, but they are not able to make the mortgage payments and are expecting foreclosure any day. Mr. Evans testified that other than his business, he has no other employment

opportunities. He has no savings or income-producing assets, nor other property to sell. At this time, Mr. Evans testified that he does not anticipate his financial situation to improve in the foreseeable future. Based upon Mr. Evans current financial situation, the Court finds that Mr. Evans is not currently able to meet his own needs while meeting the financial needs of Ms. Boyes. The Court finds that there has been a showing of changed circumstances that are substantial and continuing regarding this factor.

4. **The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.** The Court finds that Ms. Boyes has limited earning abilities in the labor market at this time. Ms. Boyes is currently able to earn between $10 and $12 per hour, but is currently unemployed and seeking work. Ms. Boyes does have a plan to become a Healthcare Assistant, which upon completion of a six-month program will allow her to earn between $17 and $20 per hour. On the other hand, Mr. Evans owns a business which in the past was capable of generating substantial income. At the time of their dissolution, the business provided Mr. Evans income sufficient to allow him to provide spousal support for Ms. Boyes in the amount of $1,875 per month. At this time, Mr. Evans' business is not producing sufficient income for him to meet his own reasonable financial needs. Mr. Evans may have marketable skills based upon his experience with his own company, but the Court did not receive evidence as to any such employment prospects. Based upon his experience, the Court does find that Mr. Evans would have comparatively greater earning abilities in the labor market. The Court finds that there has been a showing of changed circumstances that are substantial and continuing regarding this factor.

5. **The contribution of the spouse seeking maintenance to the earning ability of the other spouse.** The Court finds that Ms. Boyes contributed to Mr. Evans' earning ability by contributing her retirement account and savings toward the development of Mr. Evans' business. Ms. Boyes no longer has any retirement account from her own employment. The Court did not receive evidence

Page **11** of **14**

Case 2:09-ap-00394-RJBW Doc 80-13 Filed 07/29/11/02 Entered 07/29/11/09:50:05 31:10 Desc
Main Document Exhibit 11 Page 11 of 14

regarding the exact value of these contributions. Ms. Boyes also contributed to the development of Mr. Evans' business through her care of the couple's minor children and work in the family home. Through his experience in his business, Mr. Evans' earning ability in the marketplace has increased, though the Court is without evidence regarding the marketability of Mr. Evans's skills outside running his own business. Other than the clearly failing business, Mr. Evans no longer has any retirement assets. The Court finds that there has been a showing of changed circumstances that are substantial and continuing regarding this factor because of the change in Mr. Evans' earning ability through his business.

6. **The extent to which the spouse seeking maintenance has reduced that spouse's income or career opportunities for the benefit of the other spouse.** The Court finds that Ms. Boyes reduced her career opportunities for the benefit of Mr. Evans when she stopped working as a flight attendant in order to care for the couple's minor children. Ms. Boyes thereby gave up her productive employment, her growing seniority, her retirement assets, and her marketability in the workplace. The Court finds no substantial and continuing change in circumstance regarding this factor.

7. **The ability of both parties after the dissolution to contribute to the future educational costs of their mutual children.** The Court finds that the current financial conditions of both Ms. Boyes and Mr. Evans render them equally unable to contribute to the future educational costs of their mutual children. The Court finds that there has been a showing of changed circumstances that are substantial and continuing regarding this factor.

8. **The financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouses own needs independently.** The Court finds that Ms. Boyes' most recent employment has been at the rates of $10 - $12 per hour and that without further education she is unable to secure employment at a higher rate of pay. Since January of 2011, Ms. Boyes has been unemployed but actively seeking work. Ms. Boyes has no savings or income-producing assets. Ms. Boyes at this

Case 2:09-ap-00394-RTBW Doc 80-13 Filed 07/29/11 Entered 07/29/11 09:50:05 Desc
Case 2:12-bk-23173-RJH Doc 13 Filed 07/02/12 Entered 07/02/12 10:31:10 Desc
Main Document Exhibit Exhibit 11 Page 12 of 14 Page 12 of 14

time has minimal living expenses because she is living with her mother, but she currently cannot afford to pay rent or otherwise live on her own. The Court finds no substantial and continuing change in circumstance regarding this factor.

9. **The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and whether such education or training is readily available.** The Court finds that Ms. Boyes has identified an educational opportunity which would allow her to be more financially self-sufficient. Ms. Boyes testified that this training program begins in September, 2011, and will last six months. The Court finds no substantial and continuing change in circumstance regarding this factor.

10. **Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.** N/A.

11. **The cost for the spouse who is seeking maintenance to obtain health insurance and the reduction in the cost of health insurance for the spouse from whom maintenance is sought if the spouse from whom maintenance is sought is able to convert family health insurance to employee health insurance after the marriage is dissolved.** N/A.

12. **All actual damages and judgments from conduct that results in criminal conviction of either spouse in which the other spouse or child was the victim.** N/A.

Page **13** of **14**

Case 2:12-bk-23173-RTB  Doc 80-13  Filed 07/29/14  Entered 07/29/14 09:50:05  Desc
Case 2:09-ap-00394-RTB  Doc 80-13  Filed 07/29/14  Entered 07/29/14 09:50:05  Desc
Desc Exhibit Exhibit 11  Page 13 of 14
Main Document  Page 13 of 14

DO 2004-0159
*Boyes v. Evans*
July 6, 2011

**BASED UPON THIS COURT'S FINDINGS, IT IS HEREBY ORDERED:**

- That previously-ordered spousal support is reduced to $0 per month, as of September 1, 2010.
- That the issue of spousal support is modifiable and remains within this Court's jurisdiction; therefore, spousal support may be reinstated upon a showing of substantial and continuing change in the parties' financial condition.
- That Mr. Evans shall provide an affidavit of his financial information to Ms. Boyes on an annual basis on or before June 1st of each year, along with a copy of his personal and partnership income tax returns for the prior year.

DATED: 7/8/11

Ted S. Reed
Judge of the Superior Court
Division 6

cc: Bryon Middlebrook -- Courthouse Box
Douglas Gardner – 80 E. Rio Salado Pkwy, Ste 401, Tempe, AZ 85281