**Davis Miles McGuire Gardner, PLLC**
80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

James M. McGuire, #021223
jmcguire@davismiles.com
*Attorney for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| In re: | In Chapter 13 Proceedings |
|---|---|
| RANDY A. EVANS, | **Case No 2:12-bk-23173-JMM** |
| Debtor. | |
| DONNA BOYES, | **RESPONSE TO MOTION TO LIFT STAY FILED BY DONNA BOYES** |
| Movant, | |
| v. | |
| RANDY A. EVANS, | |
| Respondent. | |

Randy A. Evans (the "Debtor"), by and through counsel undersigned, hereby responds to the Motion to Lift Stay (the "Motion") filed by Donna Boyes (the "Movant"). In her Motion, Movant seeks relief from the automatic stay to permit the Coconino County Superior Court to enforce spousal maintenance and property equalization awards and to immediately collect payments from property of the bankruptcy estate to the detriment of other creditors. The Debtor asserts that Movant has not established cause for relief from the stay for enforcement purposes. The payment

1

of any domestic support obligations should occur through the Debtor's Chapter 13 plan, and the enforcement of these obligations through the state court would almost certainly result in an order that conflicts with the express terms of Debtor's confirmed plan.

I. ADDITIONAL FACTS

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 23, 2012. More than six months before, on April 3, 2012, the Debtor's previous Chapter 13 case was dismissed.

2. During that previous Chapter 13 case, Movant brought an adversary proceeding seeking a determination that certain debts she was owed pursuant to a Marital Settlement Agreement were in the nature of spousal support. On August 7, 2012, Judge Baum entered a judgment which awarded amounts for spousal support, attorneys' fees, and costs, with interest thereon at 10% per annum.

3. On July 31, 2012, Movant commenced an action in the Coconino County Superior Court to enforce spousal maintenance and other court orders. In that case Movant seeks entry of an order "directing [Debtor] to immediately pay all spousal maintenance arrearages; and . . . all property equalization arrearages"; entry of an order withholding payment amounts from Debtor's post-petition earnings; entry of an order requiring Debtor to pay all of Movant's attorney's fees and costs incurred in the state court proceeding; and entry of an order appointing a receiver for Debtor, at Debtor's cost.

4. The Debtor is working on a Chapter 13 plan through which any amounts owed for spousal support will be paid through the plan.

## II. ARGUMENT

When a debtor files for bankruptcy, he is immediately protected by an automatic stay under 11 U.S.C. § 362(a). "Congress clearly intended the automatic stay to be quite broad. Exemptions to the stay, on the other hand, should be read narrowly." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2009) (quoting Stringer v. Huet (In re Stringer ), 847 F.2d 549, 552 (9th Cir. 1988). The automatic stay does not, however, prevent "the commencement or continuation of a civil action ... for the *establishment* or *modification* of an order for domestic support obligations" or "the collection of a domestic support obligation *from property that is not property of the estate*." 11 U.S.C. § 362(b)(2)(A), (B) (emphasis added). In a Chapter 13 case, "property of the estate" generally includes all of a debtor's property as of the commencement of the bankruptcy case, as well as any property and earnings of the debtor acquired *after* filing for bankruptcy but before the disposition of the case. Carver v. Carver, 954 F.2d 1573, 1577 (11th Cir. 1992). As a result, the exception for collection of alimony, maintenance, or support "has little or no practical effect in Chapter 13 situations." Id.

In this case, **Movant does not rely on the exception in section 362(a)(2)(A) or (B) in requesting relief from the stay and, instead, requests relief for "cause," including bad faith.** This is likely so because Movant seeks to *enforce* the August 7, 2012 judgment—rather than establishing or modifying it. Moreover, Debtor filed for bankruptcy protection under Chapter 13—little if any property exists, therefore, from which Movant could seek collection of the support arrearages. Even assuming Debtor has property that is not part of the estate, however, Movant specifically seeks collection of the arrearages from Debtor's wages—which are part of the estate in a Chapter 13 case.

3

Therefore, Movant must show that cause justifies relief from the automatic stay—which Movant has failed to do. Cause for relief does not exist because the Debtor will soon seek to confirm a Chapter 13 plan, which will provide for the payment in full of any support obligations. Lifting the stay to permit enforcement of the support obligations would likely lead to a state court order that is inconsistent with the Chapter 13 plan this Court will eventually confirm. Therefore, judicial economy weighs heavily against lifting the automatic stay to permit litigation that could potentially conflict with the Court's confirmation order.

### A. Judicial Economy Weighs Against Lifting the Stay Because the Bankruptcy Code Requires Support Obligations to Be Paid through the Chapter 13 Plan

There is no "cause" for relief from the automatic stay because Debtor will fully pay arrearages on any support obligations through his Chapter 13 plan as required by the Bankruptcy Code. Arrearages on domestic support obligations that have accrued pre-petition have first priority in bankruptcy. 11 U.S.C. § 507(a)(1). And a Chapter 13 plan must provide for the full payment of such support obligations. § 1322(a)(2). Accordingly, although state courts generally determine the amount of support owed, "Congress intended for the federal courts, through the Bankruptcy Code, to address the payment of domestic support obligations." In re Rodriguez, 367 Fed.Appx. 25, 29 (11th Cir. 2010). Moreover, Chapter 13 debtors are required to stay current on their post-petition domestic support obligations or risk dismissal of their case. § 1307(c)(11).

Further, once the Debtor's Chapter 13 plan is confirmed, the Debtor and each creditor, including Movant, will be bound by its terms. Section 1327 provides in part:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

4

11 U.S.C. § 1327(a). Accordingly, a creditor violates a bankruptcy court's confirmation order by asserting a conflicting interest after confirmation—i.e., any interest other than those provided for in the confirmed plan. The Eleventh Circuit has held that the post-confirmation garnishment of a debtor's wages violates a bankruptcy court's confirmation order, where the garnishment order authorized the withholding of wages in an amount different than that in the confirmed plan. See In re Rodriguez, 367 Fed.Appx. 25, 28 (11th Cir. 2010).

In this case, the Debtor is currently working to complete the drafting of his Chapter 13 plan. The terms of the Debtor's confirmed plan will eventually control repayment of any support obligations owed to Movant. It is more economical for this Court to simply ensure that Debtor's Chapter 13 plan makes the required support payments to Movant—thereby enforcing the prior judgment which entitles Movant to support payments—instead of allowing Movant to attempt to obtain another judgment in the state court. Moreover, permitting the state court litigation would require the Debtor to obtain counsel, which would be a large expense and could affect his ability to make his monthly plan payments. Furthermore, to the extent the state court litigation results in a judgment that conflicts with the Debtor's plan, the Debtor and other creditors could be harmed.

In addition, Movant will not incur any hardship if this Court denies her request to the automatic stay. Debtor is currently working to complete the drafting of his Chapter 13 plan and will submit it to creditors within the time required by the Bankruptcy Code. Accordingly, Movant would likely receive arrearage payments more quickly if this Court denied her request to lift the stay and simply allowed the Debtor to submit his Chapter 13 plan. Again, since this Court's confirmation order will control repayment, it would be a waste of time and resources to proceed with any part of the state court litigation at this time. Therefore, judicial economy and fairness to

5

creditors weighs heavily against lifting the automatic stay given the practical effect of the requirements of the Bankruptcy Code.

### B. Stay Should Not Be Lifted Because Movant Has Not Shown that Debtor Engaged in Bad Faith

As Movant's motion points out, the test regarding bad faith is whether a debtor is unreasonably deterring and harassing creditors or merely attempting to effect a speedy, efficient reorganization on a feasible basis. Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994). Movant asserts that "the filing of the previous bankruptcy and the current bankruptcy demonstrated Debtor Mr. Evans' attempts to unreasonably deter and harass Ms. Boyes." Movant further asserts that the dismissal of Debtor's previous bankruptcy establishes a pattern of bad faith bankruptcy filings.

However, Movant may not merely rely on the dismissal of Debtor's previous bankruptcy to establish bad faith. Section 349 of the Bankruptcy Code makes clear that—except as provided in section 109(g), which applies only to a subsequent bankruptcy filed within six months of dismissal—the dismissal of a case, whether voluntary or involuntary, does not "prejudice the debtor with regard to the filing of a subsequent petition under this title." 11 U.S.C. § 349(a).

The current Chapter 13 case was filed by the Debtor more than six months after his previous case was dismissed. Debtor did not file this bankruptcy case to deter or harass his creditors, but instead filed to effect an efficient reorganization on a feasible basis. Accordingly, there is no presumption of prejudice or bad faith against Debtor. Movant has failed to show bad faith, however, and the automatic stay should not be lifted as a result.

6

## III. CONCLUSION

For all the reasons stated above, Movant has failed to establish cause for relief from the automatic stay. WHEREFORE, the Debtor respectfully requests that the Court deny Movant's request for relief from the automatic stay, and for such further relief as is just.

RESPECTFULLY SUBMITTED this 16th day of November, 2012.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

/s/ *James M. McGuire*
James M. McGuire
*Attorney for Debtors*

Copies of the foregoing
mailed this 16th day
of November, 2012 to:

Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, AZ 85003

Peter Strojnik
2415 E. Camelback Road, Ste. 700
Phoenix, AZ 85016

Randy Evans
5412 E. Sheena Drive
Scottsdale, AZ 85254

/s/ *Julie Bice*