**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Parkway, Suite 401
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

James M. McGuire, SBN 021223
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | In Chapter 13 Proceedings |
|---|---|
| RANDY A. EVANS, | Case No 2:12-bk-23173-JMM |
| Debtor. | **RESPONSE TO OBJECTION TO CHAPTER 13 PLAN AND MOTION TO DISMISS BANKRUPTCY FILED BY CREDITOR DONNA BOYES** |

Randy A. Evans (the "Debtor"), by and through undersigned counsel, hereby submits his Response to the Objection to Chapter 13 Plan and Motion to Dismiss Bankruptcy (the "Motion") filed by creditor Donna Boyes ("Movant"). The Motion should be denied as Movant fails to carry her burden on the issues or to otherwise identify any statutory basis for the relief requested.

Section § 1307(c)(1)-(11) outlines various grounds constituting "cause" for dismissal of a Chapter 13 case. However, Movant fails to identify any such grounds or corresponding conduct by the Debtor to support the relief requested in the Motion. Further, although

1

objections to confirmation of a plan may be based on a failure to comply with the Code's mandatory content provisions or confirmation requirements, the objecting party has the initial burden of producing evidence to support the objection. See Education Assistance Corp. v. Zellner, 827 F.2d 1222, 1226 (8th Cir. 1987); In re Heath, 182 B.R. 557, 560–561 (B.A.P. 9th Cir. 1995).

Movant has failed to identify any statutory basis for why the Debtor's case should be dismissed or to otherwise support her Motion based on the Bankruptcy Code. The Debtor commenced this case on October 23, 2012. Movant filed her Motion on December 5, 2012 alleging that the Debtor (1) falsely claims an interest in certain real property, (2) improperly valued certain stocks and business interests, and (3) incorrectly scheduled amounts of debts owed to Movant.

1. <u>The Debtor has an equitable interest in the residence</u>.

Movant correctly points out that legal title to the residence located at 5412 E. Sheena Drive, Scottsdale, Arizona 85254 (the "Property") is in the name of his wife. However, the Debtor believes he has an equitable interest in the Property, as he is still obligated on the loan and must make mortgage payments. It is also worth noting that there is no equity in the Property and thus no incentive to hide the Property from creditors. In any event, the Debtor is reviewing his interest in the Property and may amend his schedules to correct ownership.

2

2.      <u>The value of Debtor's interest in the stocks and businesses is $0</u>.

The Debtor asserts that the stocks and business interests in his Schedule B are properly valued at $0. The notation of "negative value" simply indicates that the liabilities exceed the value of the business. Listing a negative number would serve no purpose in this bankruptcy, however, since the liability belongs to the businesses, not the Debtor. Accordingly, the current value of the Debtor's interest in the stocks and businesses is properly listed as $0.

3.      <u>Amounts owed to Movant were calculated with an interest rate of 4.25%</u>.

The numbers in Schedules E and F reflect what the Debtor believes to be the proper rate of interest on the spousal maintenance and property equalization obligations owed to Movant. The obligations arise, in part, from a judgment entered by the previous bankruptcy court against the Debtor on August 7, 2011. The judgment provided that Movant was entitled to $53,311.17 in non-dischargeable spousal support; $20,000 in attorney's fees; and $451.11 in costs. The judgment further provided for interest on the judgment at 10% per annum. The property equalization payment, however, was not part of the judgment.

The Debtor asserts that the judgment does not reflect the proper interest rate under Arizona law. A.R.S. § 44-1201(B) governs the interest rate at issue in the judgment and—until July 20, 2011—the rate of interest on judgments was 10% per annum. However, the statute was amended, effective July 20, 2011, and now provides that the statutory rate of interest is "the lesser of" ten percent or the prime rate plus one per cent. <u>See</u> A.R.S. § 44-1201(B). When the judgment was entered on August 7, 2011, the modified interest rate

3

provision of amended section 44-1201(B) had taken effect.  Therefore, the proper interest rate was 4.25%, since at that time the lesser of the two interest rates was prime plus one per cent.  Attached hereto as Exhibit "A" is evidence of the prime rate on August 7, 2012, as recorded by the Federal Reserve.

For these reasons, the Debtor has filed a motion to correct the interest rate on the judgment.  The motion was filed in the previous adversary, 2:09-ap-00394-RTB, on December 19, 2012.

WHEREFORE, based on the foregoing, the Debtor respectfully requests that the Court deny the relief sought in the Motion.

RESPECTULLY SUBMITTED this 19th day of December, 2012.

        DAVIS MILES MCGUIRE GARDNER, PLLC

        */s/ James M. McGuire*
        Attorney for Debtor

Copies of the foregoing
mailed this 19th day
of December, 2012 to:

Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, AZ  85003

| | |
|---|---|
| 1 | Peter Strojnik |
| 2 | 2415 E. Camelback Road, Ste. 700<br>Phoenix, AZ  85016 |
| 3 | |
| 4 | Randy Evans |
| 5 | 5412 E. Sheena Drive<br>Scottsdale, AZ  85254 |
| 6 | |
| 7 | _/s/ Julie Bice_ |

5