Edward J. Maney, Trustee
101 N First Ave., #1775
Phoenix, AZ 85003
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | CHAPTER 13 BANKRUPTCY |
|---|---|---|
| Randy A Evans<br>xxx-xx-0674 | )<br>)<br>) | CASE NO. 2-12-bk-23173-BMW |
| | )<br>)<br>)<br>)<br>) | TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED<br>DOCKET # 22, RE: CHAPTER 13 PLAN |
| Debtor(s) | ) | |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**GENERAL REQUIREMENTS--** *<u>The Trustee does not accept electronic service</u>*

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d. The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

e. At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

Trustee's Recommendation
Case #12-23173

RECOMMENDATION REQUIREMENTS:

1. Interim Plan payments are current with payment of $1,700.00 due 2/22/13.

2. The Trustee requires copies of all monthly business and personal bank and/or credit union statements for all checking and/or savings accounts Debtors maintained for the month the petition was filed.

3. AS A REMINDER, The Trustee requires **completed** and **signed** copies of Debtor's personal and business 2012 State and Federal tax returns, W-2's and 1099's. The tax returns are to be submitted within 30 days of filing them with the tax agencies. This does not need to be resolved unless the Modified Plan is not confirmed prior to 4/15/13.

4. NY Mellon Bank and D. Boyes have filed objections to the Plan. The Trustee requires the objections to be resolved.

5. The Trustee requires Debtor to provide documented verification of the following expenses: Mortgage ($2,885.00---Proof of Claim shows the mortgage payment as $4,060.00), Medical ($250.00), Transportation ($600.00---only owns a motorcycle), Business Exp ($25,609.27—need itemization). The Trustee requires documented evidence for the past 12 months to justify these expenditures and <u>Debtors to provide justification.</u> Where the documentation fails to support the scheduled expense, the Trustee will require an Amended Schedule J. Any increase in disposable income must be turned over to the Plan.

*Any documentation provided must be organized by category, month and legible.. **<u>Debtors are also obligated to justify the reason the Debtors can not sustain their living environment within the Trustee's guideline.</u>** If the Debtors fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.*

6. The Trustee has sent the Debtor a business case package, which contained a Business Case Questionnaire, a List of Current Trade Creditors and two Monthly Business Operating Statements (BOS). The Debtor must complete and return the Questionnaire, and the List of Current Trade Creditors to the Trustee within 20 days. **Debtor must file Monthly Business Operating Statements with the Court** for the months of February and March, 2013. **Debtor should note that this is a monthly filing requirement (through the duration of the Plan)**, with statements to be filed on or before the 15th of each month, covering self-employment income and expenses for the prior month

   a. The Trustee requires language in the Order Confirming which requires that the Debtors submit an amended Schedule I and J every year on the petition date (i.e., October 23, 2013/14//15/16).

b. Upon review of the monthly operating reports from September through January, 2013, Debtor's average net income was $9,890.00. Schedule I and J show the net income as $7,000.00 per month. The Trustee requires I and J to be amended and Plan payments increased.

c. In Item #13 on Schedule B, Debtor has listed an ownership interest in "Medi-Temp, LLC," which she has valued at $0. Debtor is required to provide a written explanation of the method used to determine the value of the ownership interest in the business, as well as documentation verifying the asserted value. The valuation **must** include a detailed inventory of the business' assets (consist of an itemization and current valuation of: (1) equipment, machinery, vehicles, tools, office furniture and other nonexpendable property; (2) parts, supplies and other expendable items, at cost; (3) items held for resale, at cost; and (4) accounts receivable, at invoiced amounts). The Trustee must determine the actual liquidation value of the property in order to verify compliance with Chapter 7 reconciliation.
   1) The October operating report shows a bank acct balance of $9,422.55, Inventory $515,246.74 and Receivables at $124,196.52.

d. The Trustee requires a profit and loss statement for October, 2012.

7. The Trustee requires documentation to verify the duration of child support/alimony and whether Debtor only owes pre-petition arrearages or if Debtor has current support obligations which are not included or being paid at this time.

8. Upon review of Debtor's prior Schedules, the Debtor owned a 2006 GMW, 2006 Trailer, 2007 Tahoe and 2007 Infinity. The current Schedules fail to show ownership in these vehicles, nor does the Statement of Financial Affairs show any transfer or sale of the property. Debtors prior case was filed in 2009, but not dismissed until 4/2012, unconfirmed. The Trustee requires all appropriate documents to be amended, filed with a copy provided to the Trustee.

9. The Trustee's analysis reveals a $68,666.73 funding shortfall, which must be cured before the Plan can be confirmed.

a. The Trustee notes that this case is not going to be unconfirmed for three years. Debtor needs to work aggressively to show this as a feasible case and be confirmable within a reasonable time, or the Trustee will have this case dismissed.

10. The Trustee notes that should this case not be confirmed **within 90 days** of this Recommendation, the Trustee requires Debtor(s) to provide two current consecutive paystubs from each employer (full and part-time), be current on all monthly operating reports (if self-employed) and provide complete, signed copies of all federal and state tax returns which are required or have been filed with the tax agencies along with a copy of all W-2's and 1099's.

11. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon

confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Plan can not be confirmed due to the objection(s) filed. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current and increase Plan payments, resolve above item(s) 2 through 10 and submit Stipulated Order Confirming to the Trustee for review {WITH THE ORIGINAL WET SIGNATURES OF THE DEBTOR(S) ATTORNEY, OBJECTING CREDITOR(S) AND DEBTOR(S)} and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

Edward J. Maney, Trustee

Copies of the foregoing mailed on this date See Electronic Signature Block to:

James M McGuire
80 E Rio Salado Pkwy, #401
Tempe, AZ   85281

Randy A Evans
5412 E Sheena Drive
Scottsdale, Az   85254